UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL G. C.

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C18-5875 TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his applications (filed on June 21, 2013) for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court reverses defendant's decision to deny benefits and remands this matter for further administrative proceedings.

                                I.       <u>ISSUES FOR REVEW</u>

1. Whether the ALJ erred in evaluating the medical evidence;
2. Whether the ALJ erred in evaluating plaintiff's testimony;
3. Whether the ALJ erred in evaluating the lay evidence; and
4. Whether the ALJ erred in assessing plaintiff's residual functional capacity (RFC) and erred by basing his step five finding on his erroneous RFC assessment.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

## II. DISCUSSION

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* at 1010. Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted).

A. The ALJ's Evaluation of Medical Opinions

Plaintiff challenges the ALJ's evaluation of the medical evidence in the administrative record. Dkt. 12 at 3- 8. Specifically, plaintiff alleges that the ALJ erred in evaluating the opinions of Terilee Wingate Ph.D., Brett Trowbridge, Ph.D., Johann Gurnell, ARNP, Brent Packer, M.D., Jennifer Koch, Psy.D., Kristine Harrison. Psy.D., Gary Gaffield, D.O., John Kwock M.D., and David Jarmon M.D. *Id.* For the reasons set

forth below the ALJ erred in ignoring the opinions of Dr. Wingate and Dr. Trowbridge. The ALJ also erred in evaluating Dr. Koch's medical opinion.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). When a treating or examining physician's opinion is contradicted, an ALJ must provide specific and legitimate reasons for rejecting it. *Id.* In either case, substantial evidence must support the ALJ's findings. *Id.*

### a. Dr. Wingate and Dr. Trowbridge

Plaintiff argues that the ALJ committed error by not evaluating the opinions of Dr. Wingate and Dr. Trowbridge. Dkt. 12 at 3-4. Defendant argues that the ALJ did not make an error because SSI benefits are not payable prior to the application date and per Social Security regulations, the ALJ was not required to review evidence outside of the 12-month period preceding the relevant period – June 21, 2013, the application date. Dkt. 13 at 14-16. Defendant further argues that an ALJ may reasonably reject medical opinions because they predate the relevant time period being considered. *Id.* at 14-15.

Pursuant to 20 C.F.R. 416.912(b)(1), before making a determination regarding disability, the Social Security Administration, "will develop [the claimant's] complete medical history for at least the 12 months preceding the month in which [claimant] filed [the] application unless there is a reason to believe that development of an earlier period is necessary." Further, a complete medical history is considered the "medical

source(s) covering at least the 12 months preceding the month in which [claimant] filed their application." 20 C.F.R. 416.912(b)(1).

Although the Social Security Administration is only required to include medical sources for the 12 months preceding the application date in the record, the ALJ is required to evaluate all medical opinions actually included in the record. 20 C.F.R. 404.1527 (b)-(c). Although the ALJ is not bound by every medical opinion in the record, the ALJ must consider all medical opinion evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). An ALJ may find medical opinions less persuasive because they predate the relevant period. *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1165 (9th Cir. 2008). However, the Court may only review the ALJ's decision based on the reasoning actually offered by the ALJ, not post-hoc rationalizations. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted). Accordingly, the ALJ erred in ignoring the opinions of Dr. Wingate and Dr. Trowbridge.

      b. <u>Ms. Gurnell and Dr. Packer</u>

Plaintiff argues that the ALJ erred in his evaluation of the medical opinions of Ms. Gurnell and Dr. Packer. Dkt. 12 at 4-5. The ALJ gave both opinions little weight because they "were rendered prior to the relevant period of adjudication and therefore do not reflect the claimant's relevant functional status" and because they were inconsistent with more recent medical examination opinions. AR 33. Plaintiff argues that the fact that the opinions were rendered before the current application period cannot justify the weight given and that the opinions were not inconsistent with Dr. Gaffield's findings. Dkt. 12 at 5.

An ALJ may discredit medical opinions predating the relevant period because they are of limited relevance. *Carmickle*, 533 F.3d at 1165. Here, the ALJ expressly found that the opinions of Ms. Gurnell and Dr. Packer were of little relevance because they predated the relevant period being considered. Additionally, weighing different medical opinions to determine inconsistencies and the relevance of any inconsistencies is within the responsibility of the ALJ. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). Finally, plaintiff provides no explanation of how the ALJ erred in weighing any inconsistencies in the medical record other than the bald assertion that the opinions were not "meaningfully inconsistent." Dkt. 12. For the foregoing reasons the Court will not disturb the ALJ's evaluation of Ms. Gurnell and Dr. Packer's opinions.

      c. <u>Dr. Koch</u>

Plaintiff also challenges the ALJ's evaluation of Dr. Koch's opinion. Dkt. 12 at 5. The ALJ gave Dr. Koch's opinion little weight because,

> [w]hile the opinions acknowledge the presence of a medically determinable depressive disorder, the functional analysis is internally inconsistent as the claimant is speculated to have the ability to complete simple, even detailed instructions without supervision but is also speculated to have a marked impairment in his ability to complete a normal workday due to psychological symptoms.

AR 31. The ALJ went on to explain that the opinion that plaintiff could complete simple work tasks on a regular basis without supervision was supported by the claimant's noted progress through treatment as well as other medical examinations in the record. *Id.* Plaintiff argues that the ALJ did not have a basis to refer to Dr. Koch's opinion as "speculation" and that the ALJ was incorrect in determining that the opinion was internally inconsistent. Dkt. 12 at 6.

First, plaintiff does not point to anything in the ALJ's decision to indicate that he dismissed Dr. Koch's opinion as speculation. In his evaluation of Dr. Koch's opinion, the ALJ used a number of words to describe Dr. Koch expressing her medical opinion, including "opined," "According to Dr. Koch," "estimated," "assessed," and "acknowledge." AR 31. The ALJ's use of the word "speculate" to describe Dr. Koch's opinion does not appear intended to be dismissive of the opinion. Plaintiff's objection to the ALJ's choice of words is meritless.

However, the Court agrees that the ALJ's evaluation of Dr. Koch's opinion was unsupported by substantial evidence. Dr. Koch observed that plaintiff suffered from several significant and severe psychological symptoms. AR 1774-77. Based on these psychological symptoms, Dr. Koch opined that plaintiff had marked limitations in his ability to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 1776. Dr. Koch also opined that plaintiff had marked limitations in his ability to maintain appropriate work behavior. AR 1776.

The ALJ found that these statements were inconsistent with Dr. Koch's opinion that plaintiff was able to complete simple and detailed instructions without supervision. The fact that plaintiff may be able to complete some instructions and assignments without supervision does not mean that the plaintiff could necessarily persist in completing an entire workday or week uninterrupted by his psychological symptoms. Similarly, plaintiff's ability to complete simple and detailed instructions has no bearing on whether plaintiff's severe psychological symptoms would limit plaintiff's ability to maintain appropriate behavior in a work setting. Accordingly, Dr. Koch's opinion was not

internally inconsistent. For these reasons the Court finds that the ALJ's evaluation of Dr. Koch's opinion is not supported by substantial evidence.

Dr. Harrison

Plaintiff alleges that the ALJ made an error by giving Dr. Harrison's medical opinion partial weight. Dkt. 12 at 6. Dr. Harrison opined that plaintiff's depressed mood "may at times limit his energy, attention, and ability to motivate himself to maintain attendance at activities outside the home and complete household chores." AR 2389. The ALJ gave Dr. Harrison's opinion partial weight because it did not specify the extent to which the claimant would be limited. AR 32. The ALJ also found that the assertion that plaintiff's depressed mood could limit his functional ability was supported by the record, but that significant functional limitations were not supported by the other medical evidence in the record. *Id.* Plaintiff argues that the ALJ did not provide any legitimate reason for rejecting the opinion that plaintiff's depressed mood could affect plaintiff's ability to maintain attendance and activity outside the home. Dkt. 12 at 6.

Dr. Harrison's opinion does not specify to what extent plaintiff's symptoms impaired his ability to work. AR 2389. Instead, Dr. Harrison stated that due to plaintiff's depressive mood, plaintiff "may at times" be limited. *Id.* An ALJ is not required to accept observations and opinions that do not show how the alleged symptoms or characteristics translate into specific functional deficits precluding work activity. *See, Morgan*, 169 F.3d at 601. Further, the ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick*, 157 F.3d at 722. Here, the ALJ evaluated Dr. Harrison's opinion in light of the remaining medical record, finding that portions of Dr. Harrison's opinion were supported by the record while other

portions were not. AR 32. For these reasons, the ALJ's evaluation of Dr. Harrison's medical opinion is supported by substantial evidence.

### d. Dr. Gaffield

Plaintiff also contends that the ALJ erred in considering Dr. Gaffield's opinion while assessing plaintiff's RFC. Dkt. 12 at 6-7. The ALJ gave Dr. Gaffield's opinion great weight and plaintiff does not challenge this finding. *Id.* at 7. The ALJ found that plaintiff could perform light work "that does not require standing or walking for more than four hours total in a workday." AR 27. Plaintiff alleges that this is not accurate because the ALJ did not clarify that Dr. Gaffield found that plaintiff could not stand or walk more than four hours in an eight-hour work day, "with adequate breaks and rest periods." Dkt. 12 at 7. Plaintiff also alleges that the ALJ erred because he did not acknowledge Dr. Gaffield's statement that plaintiff's cervical pain was "currently under evaluation." *Id.*

The ALJ is responsible for "translating and incorporating clinical findings into a sufficient RFC." *Rounds v. Comm'r SSA*, 807 F.3d 996, 1006 (9th Cir. 2015). The ALJ's findings need only be consistent with, not identical to, the limitations assessed by the relevant medical opinion. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). The ALJ found that plaintiff was limited to light work that does not require standing or walking for more than four hours total in a work day. Plaintiff has not provided any evidence that the "adequate breaks" referenced by Dr. Gaffield are anything more than the standard breaks required to be provided by an employer. Additionally, Plaintiff does not explain how the ALJ erred in evaluating Dr. Gaffield's opinion by not including the statement that plaintiff's cervical pain was "currently under evaluation." Accordingly, because the ALJ's RFC is consistent with and sufficiently

incorporates the opinion given by Dr. Gaffield, the ALJ did not err in his evaluation of Dr. Gaffield's opinion.

### e. Dr. Kwock

Plaintiff argues that the ALJ erred in his evaluation of Dr. Kwock's medical opinion. Dkt. 12 at 8. Dr. Kwock is a board certified orthopedic surgeon that testified as a medical expert at plaintiff's hearing. Dkt. 110. Dr. Kwock's testimony was limited to plaintiff's orthopedic limitations. AR 110-126. The ALJ gave great weight to the opinion of Dr. Kwock. AR 34. Plaintiff argues that the ALJ erred in his evaluation of Dr. Kwock's medical opinion because the ALJ failed to acknowledge that Dr. Kwock's testimony was limited to orthopedic problems without considering plaintiff's migraines or COPD. Dkt. 12 at 8. Plaintiff also argues that the ALJ erred by not acknowledging that Dr. Kwock stated that there is no way to determine from the medical records alone, plaintiff's level of pain. *Id.*

A non-examining physician's opinion may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ gave Dr. Kwock's opinion great weight because, Dr. Kwock is an orthopedic specialist, reviewed the medical record, was present at the hearing, and understood the Social Security disability program and requirements. AR 35. Additionally, the ALJ found that Dr. Kwock's opinion was consistent with the objective medical evidence in the record. AR 35. Accordingly, because Dr. Kwock's opinion was consistent with other independent evidence in the record, the ALJ did not err in considering it as substantial evidence.

While Dr. Kwock limited his evaluation to plaintiff's orthopedic limitations and did not opine on plaintiff's level of pain, the fact that the ALJ did not expressly recite these statements in his evaluations of Dr. Kowck's opinion is not error. The ALJ is responsible for evaluating the medical opinions and making findings consistent with those opinions. *Turner,* 613 F.3d 1224. The ALJ is not required to provide findings that are identical to the statements in the medical opinion. *Id*. Here, the ALJ evaluated Dr. Kwock's opinion considering the other independent medical evidence and provided findings consistent with Dr. Kwock's opinion. For these reasons, the ALJ did not commit error when evaluating Dr. Kwock's opinion.

f. Dr. Jarmon

Plaintiff argues that the ALJ erred in evaluating Dr. Jarmon's opinion because, "the ALJ fail[ed] to acknowledge that Dr. Jarmon testified that the opinions of Dr. Wingate, Dr. Trowbridge, and Dr. Koch were consistent with each other, and showed a moderate to marked level of dysfunction." Dkt. 12 at 8.

The ALJ, not Dr. Jarmon, is responsible for determining whether medical evidence is consistent and whether certain factors are relevant to discount medical opinions. *See, Morgan* 169 F.3d 603. Therefore, the ALJ did not err by not deferring to Dr. Jarmon's opinion regarding the consistency of the medical opinions in the record.

B. The ALJ's Evaluation of Plaintiff's Statements

Plaintiff maintains that the ALJ erred in evaluating plaintiff's testimony. Dkt 12 at 9-17. For the reasons set forth below, the Court finds that the ALJ erred with regards to plaintiff's smoking and lack of mental health treatment as reasons to discredit plaintiff's

testimony. The ALJ also erred in evaluating plaintiff's testimony regarding chronic headaches.

In weighing a plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms to some degree. AR 28. Therefore, the ALJ was required to provide specific clear and convincing grounds for discrediting the plaintiff's testimony regarding the severity of his symptoms.

a. <u>Karaoke</u>

The ALJ found that plaintiff's attendance and participation in karaoke once or twice a week undermined plaintiff's claims of crowd-induced anxiety and debilitating pain. AR 35.

The Ninth Circuit has explained that there are two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether the activities contradict the claimant's other testimony, or (2) whether the activities meet the threshold for transferable work skills. *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007*);*

*Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Here, plaintiff's activity of going to karaoke one to two times a week for a few hours contradicts his testimony that his impairments caused him to stay in his room at all times except to get a cup of coffee and attend medical appointments. AR 131; Dkt 12 at 15. Plaintiff's activity of going to and performing karaoke also contradicts his testimony regarding crowd induced anxiety. AR 135-36; Dkt. 12 at 15. Accordingly, plaintiff's attendance and participation in karaoke constitutes specific clear and convincing grounds for discrediting portions of plaintiff's subjective testimony.

        b. <u>Smoking</u>

The ALJ found that plaintiff continued smoking cigarettes against medical advice which "suggests a lack of urgency that is incompatible with his allegations of severe disabling medical condition." AR 35.

The Ninth Circuit has observed that "[i]t is certainly possible that [claimant] was so addicted to cigarettes that she continued smoking even in the face of debilitating shortness of breath and acute chemical sensitivity." *Bray*, 554 F.3d at 1227. However, the Court declined to determine whether the ALJ erred in considering the failure to quit smoking because the ALJ presented four other independent bases to discount the plaintiff's testimony. *Id*. Some Ninth Circuit decisions also appear to disfavor an ALJ's consideration of a failure to quit smoking a basis for rejecting a claimant's symptoms testimony. *See, e.g., Ross v. Berryhill*, 711 Fed. Appx. 384, 386-87 (9th Cir. 2017) (finding the plaintiff's failure to heed medical advice to stop smoking "at most, a tenuous basis for discounting her testimony about the severity of her pain and fatigue."). Finally, in an analogous situation, the Ninth Circuit has found that an ALJ errs when making an

adverse credibility determination based on the inability of an obese person to lose weight. *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007).

In his 2015 hearing plaintiff testified that he was attempting to quit smoking. AR 80. The fact that plaintiff has been unsuccessful in his attempt to quit smoking is not specific clear and convincing evidence to discredit plaintiff's "allegations of severe, disabling medical conditions."

      c. <u>Chronic Headaches</u>

The ALJ found that plaintiff's testimony regarding disabling chronic headaches was undermined by inconsistencies in plaintiff's own testimony and with the medical record. AR 35. First, the ALJ noted that plaintiff's testimony regarding the severity and frequency of headaches was undermined by plaintiff's statements that headaches were controlled with medication. AR 35. Second, the ALJ found that plaintiff's testimony regarding his headaches was inconsistent with statements made to treatment providers indicating no presence of headaches and no changes in mentation. AR 35.

During plaintiff's 2015 hearing, plaintiff acknowledged that on the morning of the hearing he had a headache but took medication to "get it to calm down" because he did not want to miss the hearing. AR 85. Plaintiff also testified that his normal treatment for his headaches consist of taking medicine, laying down in a dark room, and trying to sleep. AR 72. In addition, plaintiff testified that even with the medicine and laying down in a dark room, his headaches would last for extended periods of time with an average duration of a day and a half. AR 71-72. Plaintiff further testified that on occasion the medication does not work, and the headaches have become so painful that plaintiff sought medical care at the emergency room. AR 72. Finally, plaintiff testified that on

average he suffers five migraines per month lasting an average of a day and a half. AR 71.

It is error for an ALJ to "cherry pick" evidence and observations without considering their context. *Reddick v. Carter*, 157 F.3d 715, 722-723 (9th Cir. 1998). While the plaintiff stated that on the day of the hearing he took medication to "calm down" his headache, the ALJ did not address the plaintiff's complete testimony regarding the usual duration and treatment of his headaches. This testimony provides context for plaintiff's statement that he took medicine for his headache on the morning of the hearing. The ALJ erred in considering plaintiff's statement in isolation without the context provided by plaintiff's remaining testimony.

The ALJ also found that plaintiff's testimony regarding his headaches was undermined by statements made to treatment providers indicating no presence of headaches and no changes in mentation. AR 35. Considering the alleged frequency of headaches – five times per month, lasting an average duration of a day and a half – the fact that plaintiff did not report an active headache in every visit with a treatment provider is not inconsistent with plaintiff's testimony regarding headaches.

For the foregoing reasons, the Court finds that the ALJ has not provided a specific clear and convincing reason to reject plaintiff's testimony regarding chronic headaches.

    d. <u>Ability to Ambulate</u>

The ALJ also gave less weight to plaintiff's testimony regarding his ability to ambulate. AR 35. The ALJ found that "[t]he record shows that [plaintiff] had a steady gait and was able to ambulate without assistance, except for a period from 2011 to 2012

when he used a walker, which was notably prior to the relevant period of adjudication." AR 35. The ALJ also noted that at some point plaintiff stopped using the walker and medical records show plaintiff ambulating between rooms without distress or discomfort. AR 36. Plaintiff contends that the ALJ erred by failing to acknowledge plaintiff's explanation of why he stopped using a walker. Dkt. 12 at 11.

A determination that a claimant's complaints are inconsistent with clinical observations can satisfy the clear and convincing requirement. *Morgan*, 169 F.3d at 600-02. Here the fact that medical records and observations state that plaintiff did not need an assistive device to ambulate is a sufficiently clear and convincing reason to discredit plaintiff's testimony regarding the need for an assistive device to ambulate.

### e. Ceasing Mental Health Counseling

The ALJ also discredited the plaintiff's testimony regarding the degree of plaintiff's psychological limitations because plaintiff gave inconsistent testimony regarding why he stopped seeking mental health treatment. AR 36. Specifically, plaintiff testified that he was told that there was nothing more mental health care providers could do for him. AR 36, 82. The ALJ found that this testimony was inconsistent with plaintiff's statement to Dr. Harrison that he stopped seeking mental health treatment because he knew how to manage his depression. AR 36. Additionally, the ALJ stated that the fact that plaintiff stopped seeking mental health treatment undermined plaintiff's allegations regarding the degree of his mental health limitations. AR 36.

A plaintiff's failure to seek treatment for symptoms or failure to follow prescribed treatment may undermine the plaintiff's testimony regarding the degree and severity of the symptoms. 20 C.F.R. § 404.1530; SSR 16-3. However, "it is a questionable practice

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 15

to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Garrison v. Colvin*, 759 F.3d 995, 1017 n 24 (9th Cir. 2014) (quoting *Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)). This is because a person suffering from a mental illness may not realize that they need medication or that the condition reflects a potentially serious mental illness. *See, Nguyen*, 100 F.3d at 1465. The Social Security Administration also acknowledges that it is possible that due to a mental impairment a claimant may not be aware that they suffer from a disorder requiring additional treatment. SSR 16-3.

Plaintiff's perception that he did not need mental health treatment and failed to seek treatment for mental health symptoms are not specific clear and convincing reasons to discount plaintiff's testimony regarding his mental health symptoms.

   f. <u>Cooperative Disability Investigation Unit (CDIU) Report</u>

The ALJ found that plaintiff's testimony was undermined because his testimony was inconsistent with the findings of the CDIU report. AR 36. The Social Security Act authorizes the Commissioner "to conduct such investigations and other proceedings as the Commissioner may deem necessary or proper for the administration of [the act]." 42 U.S.C. § 1383(c)(1)(A). Additionally, an ALJ may rely upon CDIU findings and give them appropriate weight. *See, Richards v. Berryhill*, 713 Fed.Appx. 545, 548 (9th Cir. 2017) ("The ALJ did not err by giving great weight to the evidence and testimony submitted by the Cooperative Disability Investigation Unit."); *Elmore v. Colvin*, 617 Fed.Appx. 755, 757 (9th Cir. 2015) (Rejecting argument that the ALJ improperly relied upon a CDIU investigation, noting "the Social Security Act expressly authorized the Commissioner to conduct such investigations.")

1 | Plaintiff argues that the ALJ erred in relying on the CDIU report because the
2 | report "consist of hearsay lay observations" and because none of the detective's
3 | observations are verifiable. Plaintiff next argues that the findings in the report are in fact
4 | not inconsistent with plaintiff's testimony. Dkt. 12 at 11. Plaintiff also disputes the ALJ's
5 | finding that the report is "starkly inconsistent with the claimant's alleged mental health
6 | limitations that were posted to both Dr. Koch and Dr. Harrison." *Id.* at 11-12.

First, the Court finds that it was not error for the ALJ to consider the CDIU report. See, *Richards*, 713 Fed.Appx. at 548; *Elmore*, 671 Fed.Appx. at 757; *Robert v. Astrue*, 688 F.Supp. 2d 29, 38 (D. Mass. 2010). Additionally, many of the rules governing hearings under the Social Security Act are less rigid than those a court would follow and an ALJ may receive evidence in a disability hearing that would not be admissible in court. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019); *Richardson v. Perales*, 402 U.S. 389, 410 (1971) (finding hearsay admissible in hearings under the Social Security Act.). Accordingly, the ALJ did not err in considering the evidence in the CDIU report.

Finally, plaintiff also disagrees with the ALJ's evaluation of the CDIU report. The activities listed in the CDIU report are inconsistent with portions of plaintiff's testimony regarding his physical and mental limitations. AR 36. Additionally, it is within the ALJ's responsibility to weigh evidence to determine whether inconsistencies exist and the weight of such inconsistencies. *Morgan,* 169 F.3d 595, 603 (9th Cir. 1999). Accordingly, the Court will not disturb the ALJ's use of the CDIU report.

C. Lay Witness Evidence

Lay witness statements regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001). The ALJ cannot disregard lay witness evidence without comment, the ALJ must give reasons that are germane to each witness. *Rounds v. Comm'r SSA*, 807 F.3d 996, 1007 (9th Cir. 2015).

The ALJ did not address the lay witness testimony of plaintiff's ex-wife Brenda C. (AR 530-537) and plaintiff's fiancé Joelle Currier (597-599). Defendant argues that the ALJ did not err in disregarding the testimony of Brenda C. because the statements were made before the relevant period of consideration. Dkt. 13 at 9. Defendant argues that the ALJ did not err in disregarding Joelle Currier's testimony because the testimony was duplicative of plaintiff's hearing testimony. Dkt. 13 at 9.

The Court finds that the ALJ erred because an ALJ cannot simply disregard lay witness testimony without comment, the ALJ must give reasons germane to each witness. *Rounds*, 807 F.3d at 1007. Additionally, the Court must review the ALJ's decision based on reasons and findings actually provided, "not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray*, 554 F.3d 1225-26. For these reasons, the Court finds that the ALJ improperly ignored the lay witness evidence in the record.

D. Residual Functional Capacity and Step Five Findings

Plaintiff contends that the ALJ erred in assessing plaintiff's RFC and by basing the step five findings on this purportedly erroneous RFC. Dkt. 12 at 18-19. As this case

must be remanded, and a proper evaluation of the evidence could potentially change the ALJ's RFC determination, the Court declines to consider whether the ALJ erred in determining plaintiff's RFC and in basing the step five analysis on this RFC.

E. Harmless Error

The errors identified in this Order are not harmless. *Carmickle*, 533 F.3d at 1162 ("the relevant inquiry in this context is … whether the ALJ's decision remains legally valid, despite such error."). It is unclear whether an appropriate evaluation of the evidence would cause the ALJ to change the hypotheticals provided to the Vocational Expert and potentially change the RFC. Therefore, the ALJ's decision is not legally valid.

F. Remand With Instructions for Further Proceedings

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668. The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

The Court has determined that on remand the ALJ must re-evaluate the medical opinion evidence of Dr. Wingate, Dr. Trowbridge and Dr. Koch; re-evaluate portions of plaintiff's testimony – relating to smoking, migraine headaches, and forgoing mental health treatment; and consider the lay witness evidence. Therefore, there are outstanding issues which must be resolved and remand for further proceedings is appropriate.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 19th day of December, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge